UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| INELL THOMAS, | : | Case No. |
| Plaintiff, | : | (Judge          ) |
| v. | : | <u>COMPLAINT AND</u><br><u>JURY DEMAND</u> |
| MIDLAND FUNDING, LLC, | : | |
| and | : | |
| MIDLAND CREDIT MGMT., INC., | : | |
| and | : | |
| JAVITCH, BLOCK & RATHBONE LLP | : | |
| and | : | |
| STEVEN E. ALSIP | : | |
| and | : | |
| BRIAN C. BLOCK, | : | |
| and | : | |
| SARAH RITZ, | : | |
| Defendants. | : | |

This is a claim for actual and statutory damages caused by Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code §§ 1345.01 *et seq*., each of which prohibits a debt collector from (1) seeking recovery on a debt when it knows, or should know after reasonable investigation, that the person it is suing does not owe the debt; (2) swearing to the validity of a debt when it knows, or should know after

reasonable investigation, that the debt is invalid; (3) attempting to collect a debt using a false, misleading and deceptive affidavit; and (4) attempting to collect a debt using a false, misleading and deceptive "Statement" pretending to show an account.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court over the federal claims is proper under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.  Jurisdiction over the Ohio claims is proper under 28 U.S.C. § 1367.  Venue is proper in this district because the debtor resides here and the conduct complained of occurred here.

## PARTIES

2.      Plaintiff is a resident of Hamilton County, Ohio, and a consumer as defined at 15 U.S.C. § 1692a(3).  Any debt she may have been obligated to pay was incurred primarily for household, family and/or personal purposes.  Plaintiff is also a consumer as defined by Ohio Rev. Code § 1345.01(D).

3.      Defendant Midland Funding LLC ("Midland") is a debt buyer in that it purchases defaulted debt from original creditors and from other debt buyers.  It is also a debt collector as defined in 15 U.S.C. § 1692a(6) in that it uses an instrumentality of interstate commerce and/or the mails in its business, the principal purpose of which is to collect debts; it also regularly collects or attempts to collect debts owed to another.

4.      Defendant Midland Credit Management, Inc. ("MCM"), was the servicer of the account in question in this lawsuit.  It is also a debt collector as defined in 15 U.S.C. § 1692a(6) in that it uses an instrumentality of interstate commerce and/or the mails in its business, the principal purpose of which is to collect debts; it also regularly collects or attempts to collect debts owed to another.

5.      Defendant Javitch, Block & Rathbone LLP ("Javitch") is a Cleveland law firm specializing in debt collection.  It is a debt collector as defined in 15 U.S.C. § 1692a(6) in that it uses an instrumentality of interstate commerce and/or the mails in its business, the principal purpose of which is to collect debts; it also regularly collects or attempts to collect debts owed or due to another.

6.      Defendant Alsip is a Javitch attorney who signed one of the state-court pleadings which is the subject of this lawsuit.  He is also a debt collector as defined in 15 U.S.C. § 1692a(6) in that he uses an instrumentality of interstate commerce and/or the mails in his business, the principal purpose of which is to collect debts, and that he regularly collects or attempts to collect debts owed or due to another.

7.      Defendant Block is a Javitch attorney who signed one of the state-court pleadings which is the subject of this lawsuit.  He is also a debt collector as defined in 15 U.S.C. § 1692a(6) in that he uses an instrumentality of interstate commerce and/or the mails in his business, the principal purpose of which is to collect debts, and that he regularly collects or attempts to collect debts owed or due to another.

8.      Defendant Ritz is a Javitch attorney who signed one of the state-court pleadings which is the subject of this lawsuit.  She is also a debt collector as defined in 15 U.S.C. § 1692a(6) in that she uses an instrumentality of interstate commerce and/or the mails in her business, the principal purpose of which is to collect debts, and that she regularly collects or attempts to collect debts owed or due to another.

9.      Since all Defendants are debt collectors, all Defendants are also "suppliers" as defined by Ohio Rev. Code § 1345.01(C).

## FACTUAL ALLEGATIONS

10.     Plaintiff has never had a credit card issued by Aspire Visa.  Nevertheless, during the fall of 2008, employees of Defendants sent debt collection notices and began calling Plaintiff about a debt they said she owed on a credit card issued by this company.

11.     On September 17, 2008, Defendant MCM sent Plaintiff a document entitled "Pre-Legal Notification," which demanded payment on an alleged balance of $2,535.06.  The document also referred to its "reverse side for important information and additional details about your account."

12.     The reverse side of the document contained a "Statement" made up to resemble a monthly statement from a credit card issuer, including boxes representing that there was a "Previous Balance" ($2,319.09), an "Interest Rate" (10.00%), "Accrued Interest" ($215.97), a "New Balance" ($2,535.06), a "Due Date" (10-17-2008), an "Original Account #," and other such information.

13.     In fact, Defendants fabricated this "Statement" to aid in their collection efforts.

14.     A true copy of this document is attached hereto as Exhibit A.

15.     In response to the telephone calls and to this letter, Plaintiff told Defendants orally that this was not her account.

16.     On November 6, 2008, Defendant Javitch obtained a TransUnion credit report for Plaintiff.  The report did not list Aspire Visa as a creditor of Plaintiff.  A true copy of this report is attached hereto as Exhibit B.

17.     Defendants Block, Ritz and Javitch conducted no further investigation to find out why, if Plaintiff actually owed money on an Aspire Visa account, that account

was not listed on her credit report.  Instead they initiated a collection action against

Plaintiff on February 6, 2009, in the Hamilton County, Ohio, Municipal Court, Case No.

09cv03256, seeking to collect $2,319.09.  A true copy of the complaint is attached hereto

as Exhibit C.

18.     Plaintiff answered the Ohio collection complaint *pro se*, stating that "I do

not owe the money or have a card from this company."  Plaintiff eventually obtained

counsel in the Ohio collection case.

19.     On May 6, 2009, Defendants filed a motion for summary judgment in the

Ohio collection case.  To this motion Defendants attached an affidavit, a true copy of

which is attached hereto as Exhibit D, from Barbara Sperling, an employee of Defendant

MCM, in which she swore under oath:

a.  "I am employed by Midland Credit Management, Inc., servicer

of this account on behalf of plaintiff [i.e., Defendant herein Midland].

Plaintiff is the current owner of, and/or successor to, the obligation sued

upon.

b.  "That by virtue of such relationship and my employment with

Midland Credit Management, Inc., I have personal knowledge of the

recordkeeping systems maintained on Plaintiff's behalf, which contain

relevant financial information concerning Midland Credit Management

Inc.'s account number 8526254445, which includes the following

information:  that the defendant owed a balance of $2319.09 on the

following date, 11/2/08, to ASPIRE VISA; that plaintiffs' predecessor in

interest sold and assigned all right, title and interest in the defendant's

ASPIRE VIA account to the plaintiff; that the defendant did fail to make

payment son the account and that demand has been made for defendant to

make payment of the balance owing on the account described above more

than thirty (30) days prior to making this affidavit; and that there is

currently due and owing to plaintiff the sum of $2319.09.

      c.  "I certify under penalty of perjury that the foregoing statements

are true and correct."

20.     Plaintiff's counsel in the Ohio collection action filed a memorandum in

opposition to summary judgment on May 8, 2009.  She attached to this document the

credit report described above and pointed out (p. 3) that the report "shows no credit card

with Aspire Visa."  She also pointed out (p. 3) that the report listed "no credit card with

account number xxxx-xxxx-xxxx-1497."  She also pointed out (p. 4) "there are 2 people

named Inell M. Thomas in Cincinnati."

21.     Nevertheless, Defendants conducted no further investigation but instead

continued to litigate; when they did not appear for trial, the Ohio trial court dismissed the

collection action with prejudice on June 11, 2009.

## FIRST CAUSE OF ACTION – FDCPA

22.     Plaintiff reasserts and realleges each and every allegation set forth above

as if fully rewritten herein.

23.     Without limiting the scope of Defendants' FDCPA liability, Defendants'

conduct in attempting to collect a debt it should have known was invalid; in swearing to

the validity of a debt it should have known was invalid; in attempting to collect a debt

using a false, misleading and deceptive affidavit; and in attempting to collect a debt using

a false, misleading and deceptive account statement, violated 15 U.S.C. §§ 1692e and e(10), which prohibit a debt collector from using false, deceptive, and/or misleading representations or means in connection with the collection of a debt; 15 U.S.C. § 1692e(2)(A), which prohibits a debt collector from falsely representing the character, amount or legal status of a debt; and 15 U.S.C. § 1692f, which prohibits a debt collector from using unfair or unconscionable means to collect a debt.

24.     As a direct and proximate result of the above violations Plaintiff has sustained damages in an amount to be proved at trial, including her attorney fees in the Ohio collection lawsuit.

## SECOND CAUSE OF ACTION – OSCPA

25.     Plaintiff reasserts and realleges each and every allegation set forth above as if fully rewritten herein.

26.     Plaintiff is a consumer as defined by Ohio Rev. Code § 1345.01(D).

27.     Defendants as debt collectors are suppliers as defined in Ohio Rev. Code § 1345.01(C).

28.     Defendants' conduct as described herein constituted violations of Ohio Rev. Code §§ 1345.02 and .03, which prohibit the use of deceptive, unfair and/or unconscionable means to collect a debt.

29.     As a direct and proximate result of these violations Plaintiff suffered damages in an amount to be proved at trial, including her attorney fees in the Ohio lawsuit.

## PRAYER FOR RELIEF

Wherefore Plaintiff prays this Court to award:

 A.  Compensatory damages including state-court attorney fees.

B.  Non-economic damages, including damage to credit, mental distress and humiliation, based upon Defendants' conduct in forcing Plaintiff to defend a lawsuit they knew to be meritless.

C.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D.  A declaration that Defendants' conduct violated the OCSPA.

E.  An injunction prohibiting Defendants from continuing to violate the OCSPA.

F.  Actual damages, non-economic damages, treble damages and statutory damages for each violation of the OSCPA.

G.  A reasonable attorney fee and the costs incurred in the prosecution of this action.

H.  Such further relief as this Court deems just and proper at law or in equity.

Respectfully submitted,

/s/ Stephen R. Felson
Stephen R. Felson  (0038432)
215 E. Ninth St., Suite 650
Cincinnati, Ohio  45202
(513) 721-4900
(513) 639-7011 (fax)
SteveF8953@aol.com

/s/ Miriam H. Sheline
Miriam H. Sheline (0018333)
Pro Seniors, Inc.
7162 Reading Road, Suite 1150
Cincinnati, Ohio 45237
(513) 345-4160
msheline@proseniors.org
Counsel for Plaintiff

## JURY DEMAND

Plaintiff demands trial by jury as provided by the Federal Rules of Civil

Procedure.

/s/ *Stephen R. Felson*